IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 11-CR-30194-MJR |
| | ) | |
| STEPHEN KEITH SWEET, | ) | |
| | ) | |
| Defendant. | ) | |

<u>MEMORANDUM AND ORDER</u>

REAGAN, District Judge:

Stephen Keith Sweet, who operated an asbestos abatement business, waived indictment and pled guilty to an information charging him with tax evasion and making an illegal payment to a public official (specifically, an official at Scott Air Force Base, in attempt to secure and maintain contracts), in violation of 26 U.S.C. 7201 and 18 U.S.C. 201(c)(1).  As part of the plea agreement, the Government and Sweet agreed to several special conditions of supervision (see Doc. 5, p. 12).  At sentencing, after giving prior notice to counsel, the undersigned Judge imposed those conditions as well as a special condition (Doc. 38, p. 4, emphasis added) mandating that while on supervised release, Sweet:

> is prohibited, directly or indirectly, from bidding on or receiving any federal, state, county or local governmental contracts … **unless approved in advance by the Court.**  If a governmental entity has a more stringent requirement, it shall apply.  For example, the Illinois Procurement Code at 30 ILCS 500/50-10 provides "… no person or business convicted of a felony shall do business with the State of Illinois or any State agency, or enter into a subcontract, from the date of conviction until 5 years after the date of completion of the sentence for that felony…."

The Court sentenced Sweet to 18 months in prison (concurrent terms on both counts) followed by 3 years of supervised release (also concurrent terms on both counts). Judgment was entered on January 18, 2013.

Now before the Court is Defendant Sweet's February 1, 2013 "Motion to Approve Contract Bidding," (Doc. 42) which asks the Court to modify the January 18, 2013 special condition of supervision regarding bidding on government contracts. The motion ripened with the filing of the Government's response on February 20, 2013 (Doc. 46) and Defendant's reply on February 25, 2013 (Doc. 49).

In seeking relief, the motion asserts that the Court has *disqualified* Sweet and his corporations -- Abatement Management, Inc. (AMI) and Lake Environmental, Inc. (LEI) – from further governmental contract business (see Doc. 42, p. 4). Two initial points bear note here. First, the special condition of supervision challenged by Sweet did not disqualify or bar Sweet from all contract bidding. Rather, the Court required Sweet to *obtain prior approval* for such bids. Second, prior to (and wholly independent of) the Court's imposition of that special condition, Sweet's guilty plea and conviction resulted in him being suspended from certain government contract work. *See, e.g.,* Doc. 42, pp. 8-9, November 19, 2012 letter to Sweet/AMI from Chief Procurement Office, Capital Development Board, State of Illinois, noting that as a result of Sweet's guilty plea, "on July 27, 2012 the Chief Procurement Office for Higher Education suspended you and [AMI] from doing business with the state universities for a five year period."

Sweet acknowledges the second point above. His motion asks the Court to modify the special condition relating to contract bidding to allow Sweet and his

corporations to bid and receive federal, state, county or local government contracts *without prior Court approval* to the extent permitted by applicable statute, ordinance, or regulation, including that contained in FAR 9 405-2(b) as a government subcontractor in amounts less than $30,000 (or a lesser dollar amount the Court deems appropriate) and consistent with all existing or future additional governmental suspensions and debarments received, perhaps with Sweet notifying the Court or the U.S. Probation Office of bids and awards.

The Government opposes the motion, arguing that (a) Sweet has not shown that he is eligible to bid on *any* projects, (b) as to federal contracting, Sweet's companies are excluded, and (c) as to federal subcontracting, Sweet and his companies are excluded unless there is a compelling reason, and Sweet has not demonstrated a compelling reason. *See* 48 C.F.R. 9.405-2(b)(Restrictions on Subcontracting, cited by Defendant as "FAR").  Simply put, the Government maintains that Sweet has not proven that he is even eligible for any of the awards he seeks, with the exception of subcontracting for an amount less than $30,000.

Defense counsel replies that Sweet is still eligible to bid on some projects, that each potential project is unique, that whether a "compelling reason" exists to permit Sweet to bid as a subcontractor on a particular federal project depends on that particular project, and that Sweet simply seeks to continue in business under whatever conditions and monitoring may be appropriate and applicable.

Having carefully considered the positions of the parties, the Court is inclined to grant a modification of the special condition with appropriate safeguards and

assurances.  Accordingly, the Court partially **GRANTS** the motion (Doc. 49) to modify the special condition of supervised release relating to contract bidding as follows.

Defendant and his corporations may bid on and receive federal, state, county, and local governmental contracts (including political subdivisions such as schools, water districts, and sewer districts) without prior Court approval *to the extent permitted by applicable statutes, ordinances, and regulations,* including the regulations restricting subcontracting contained in 48 C.F.R. 9.405-2(b), and consistent with all existing or future additional governmental suspensions and debarments received, only if:

> (1) as to any such bids, Defendant notifies the Court (via the U.S. Probation Office for the Southern District of Illinois) within ten calendar days of bidding on (*and* of being awarded) any contract; <u>and</u>

> (2) as part of submitting any bid for contracting or subcontracting, Defendant provides a written Notice stating the nature of his conviction in this Court, the charges against him, the fact he pled guilty thereto, and the fact that as a condition of his sentence he must furnish notice, etc.

As to item (2) above, <u>**defense counsel shall submit a proposed Notice to the Court**</u> (using the undersigned Judge's proposed documents inbox – MJRpd@ilsd.uscourts.gov) **by March 15, 2013**, with copy simultaneously provided to opposing counsel.  The Government shall file any objection or proposed edit to that Notice by **March 22, 2013**. Until the Notice is approved by Order of this Court, all special conditions imposed at sentencing continue to apply to Defendant.

IT IS SO ORDERED.

DATED March 4, 2013.

s/ *Michael J. Reagan*
Michael J. Reagan
United States District Judge